Curia, per O’Néall, J.
The ground in arrest of judgment is a very general one, and under it, the counsel has presented many objections. It will hardly be necessary to follow him through them all. They may be classed under two heads — defects in substance, and in form. As to the last, if there be any such, (which I have been unable to discover,) it will be enough to say, that all such are aided by verdict. As to the first, I hope to be able, in a very summary way, to satisfactorily dispose of them. Under this head, the defendant contended, 1st, that as the plaintiff had set out the information made by Ruff, charging the felony, he showed good cause for the prosecution, and therefore he had stated himself out of court. If the plaintiff had been guilty of the egregious folly by his record to admit that information to be true, or ■ that the defendant confiding in it, had set on foot the prosecution, then this objection would have been-fatal: but, on looking at the declaration, it appears that it charges that the defendant contriving and maliciously intending to injure the plaintiff, &c. procured one F. C. Ruff to appear before the defendant, a justice of the peace, and falsely and maliciously, and without any reasonable or probable cause whatever, to make oath, áre. In this, the act done by Ruff is charged to have been false, malicious and without probable cause, and to have been procured to have been thus done by the defendant, maliciously. There is nothing like an admission of probable cause in this. The defendant is liable for Ruff’s act, as done by his procurement; for, in trespass, all who are concerned in any way, are principals. 2. It was contended that it was necessary to allege that the defendant knew that Ruff had no reasonable or probable cause for the charge. This is in effect charged when he is charged with having of his *53 malice procured a false and groundless charge to be made. But if it is not sufficiently charged, the proof was ample to that point on the trial, and after verdict a defective allegation will be aided. See note d. 2 C. P. 251-2. 3. It was supposed that the description of the indictment was not sufficient. The general rule of pleading is, that “ all the circumstances necessary for the support of the action should be stated1 C. P. 255. What circumstances were necessary to be stated in this case ? 1st, The agency of the defendant in causing Ruff to make a false charge; 2d, the charge thus made: 3d, the arrest of the defendant — his commitment, or enlargement on bail, to answer the charge: 4, the presentation of the bill to the grand jury — their action by ignoring it: and 5th, the discharge of the plaintiff, and the averment that the prosecution was thus ended. This declaration contains all these things ; and on being read consecutively, we know that the indictment was presented on the charge made by Ruff: for, it is described thus: “ a bill of indictment was presented on the charge aforesaid.” In setting out a fact of this kind in the declaration, no greater degree of certainty than “ certainty to a certain intent in general,” could be demanded: 1 C. P. 237. That which “ upon a fair and reasonable construction may be called certain, without recurring to possible facts which do not appear,” is the degree of certainty meant and required. Test the declaration by this rule, and read it, as I have said already, consecutively, and all uncertainty in the description is at an end.
Herndon and Caldwell, for the motions.
Fair and Pope, contra.
This court has been unable to discover any error in the charge of the judge below. The facts went properly to the jury, and they abundantly justified them in finding the verdict which they did. The motions are dismissed.
Gantt, Evans, Richardson, Earle, and Butler, Justices, concurred.